THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

In re:

JAMSTER MARKETING LITIGATION

**This Document Relates To All Cases**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

MDL No. 1751

Master File No. 05-cv-0819-JM (CAB)

Related Case Nos. 05cv1469, 05cv1915, 06cv906 and 08cv579

**FINAL ORDER AND JUDGMENT GRANTING APPROVAL OF SETTLEMENT AND AWARD OF ATTORNEYS' FEES**

1   This matter came before the Court for hearing on June 18, 2010, pursuant to the Order
2   Granting Preliminary Approval of Settlement and Certification of Settlement Class, Directing
3   Notice to the Class, and Scheduling Fairness Hearing, dated November 17, 2009 (the "Preliminary
4   Approval Order"), on application for approval of the proposed Settlement set forth in the
5   Stipulation and Settlement Agreement ("Settlement Agreement") filed with this Court on
6   November 3, 2009.
7   Pursuant to the Preliminary Approval Order, Notice was given to the Class.  The Notice
8   advised Class Members of the opportunity to object to the Settlement Agreement and the Settlement
9   and/or Class Counsel's request for an award of attorneys' fees and costs and Class Representative
10  enhancements, and of the opportunity for Class Members to exclude themselves from the Class.  No
11  objections were received by the Court or Counsel.  On May 18, 2010, Class Counsel filed its
12  motion for final approval of class action settlement and supporting papers, as well as its motion for
13  an award of attorneys' fees and costs.  Defendants do not oppose either motion.
14  Having read and fully considered the terms of the Settlement Agreement, the Motion for
15  Final Approval and the Motion for an Award of Attorneys' Fees and Costs, as well as oral argument
16  and all other documents on file in this matter, the Court finds that the Settlement is fair, reasonable,
17  and adequate.
18  IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:
19  1.   <u>Definitions</u>.  The Court, for purposes of this Order, adopts the definitions set forth in
20  the Settlement Agreement.  In particular, the Court adopts the definition of "Class" and "Class
21  Members" set forth in the Settlement Agreement, as follows:
22  All persons in the United States who, at any time from March 8, 2001 to
23  November 17, 2009 were subscribed to or have paid for a Jamster mobile content
24  service plan or Jamster services or content.  Excluded from the class are the
25  following: the Defendants, the Claims Administrator, the Mediator, the Released
26  Parties, and any of the respective parents, subsidiaries, affiliates, or control
27  persons of the Released Parties, as well as the officers, directors, agents, servants,
28

2

|   |   |
|---|---|
| 1 | or employees of the Released Parties, and any trial judge presiding over this case |
| 2 | or any of the actions which comprise this MDL. |

Pursuant to Federal Rule of Civil Procedure 23(c)(3), this Judgment is binding on all such Class Members who have not timely requested exclusion, and whom the Court finds to be Class Members.

2. <u>Jurisdiction</u>. The Court has personal jurisdiction over all Class Members, except for those who have timely opted out of the Class, and has subject matter jurisdiction over this Action, including, without limitation, jurisdiction to (1) approve the Settlement Agreement, (2) issue an award of attorneys' fees and costs to Class Counsel and enhancement awards to the Class Representatives; (3) enter a permanent injunction against Jamster as provided for in the Settlement Agreement; and (4) dismiss the Action with Prejudice.

3. <u>Approval of Settlement</u>. The Settlement is, after hearing, determined to be fair, reasonable, and in the best interests of the class. It is, therefore, approved. With respect to the determination that the Settlement Agreement is fair, reasonable and adequate, the Court specifically notes that the outcome of a trial on the merits was by no means certain, this Action involved complex factual and legal issues, the Settlement Agreement was reached with the participation of a mediator and retired appellate justice, and the monetary and non-monetary terms of the Settlement reflect substantial benefits. Pursuant to the Final Judgment, to be entered pursuant to this Order, this action will be dismissed with prejudice, each side to bear its own costs, except as set forth herein.

4. <u>Notice</u>. Based on the Motion for Final Approval, the Court finds that the distribution of the Notice and Claim Form were materially implemented to all Class Members in accordance with Federal Rule of Civil Procedure 23(c)(2)(B), with the terms of the Settlement Agreement and the Preliminary Approval Order.

5. <u>Award of Fees and Expenses</u>. Based on the materials submitted by Class Counsel in support of the motion for an award of attorneys' fees and costs, which is unopposed by Defendants,

Class Counsel is awarded $3,650,000.00 as compensation for fees and reimbursement of expenses, both taxable and non-taxable.

. 6. <u>Class Representatives Enhancements</u>.  Based on the Motion for Final Approval in support of enhancement payments to the Class Representatives, which is unopposed by Defendants, each Class Representative is awarded $5,000.00.

7. <u>Administration and Distribution of Settlement Monies</u>.  The settlement monies shall be distributed to class members 30 days after the Settlement Date, as defined in the Settlement Agreement.  As provided for in the Settlement Agreement, any settlement checks issued to Class Members who submit timely and valid claims shall be valid for 120 days, and the Qualified Settlement Fund shall close when no outstanding checks remain valid.  Any funds remaining after distribution has been completed shall be refunded to Jamster.

8. <u>Reserved Jurisdiction of Court</u>.  The Court retains continuing and exclusive jurisdiction over the parties to the Settlement Agreement, including all members of the Settlement Class, as to the Released Claims, over the administration and enforcement of the Settlement Agreement, and may enter additional orders to effectuate the fair and orderly administration of the settlement as may from time to time be appropriate.  The court specifically does not retain jurisdiction over any dispute concerning attorneys' fees.

9. <u>Dismissal of Action</u>.  The Court dismisses on the merits and with prejudice the First Amended Coordinated Class Action Complaint and the Released Claims as defined in the Settlement Agreement as to all Class Members.  No Persons requested exclusion from the Class as of the deadline for opting out.

10. <u>Releases</u>.  Upon the Settlement Date, the Class Representatives and each Class Member shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and forever settled, released, and discharged the "Released Parties" from the "Released Claims" as defined and more fully set forth in section III.F of the Settlement Agreement.

11. <u>Permanent Injunction</u>.  All members of the Class are permanently enjoined and restrained from commencing or prosecuting any action, suit, proceeding, claim or cause of action in

4

any jurisdiction or court against Defendants or any of the other entities or persons who are to be discharged as noticed above in Paragraph 10, based upon, relating to, or arising out of any of the matters which are discharged and released pursuant to Paragraph 10 thereof and the Settlement Agreement.

12. <u>Entry of Injunction Against Jamster.</u>  As provided in the Settlement, Jamster is hereby permanently enjoined as specified in Section III.B of the Settlement Agreement.

13. <u>No Admissions</u>.  The Settlement Agreement and this Order and Final Judgment are not admissions of wrongdoing, liability or fault by Defendants, or a finding of the validity of any claims in the Litigation or any wrongdoing or violation of law by Defendants.  The Settlement Agreement and settlement are not a concession by the Parties, and to the extent permitted by law, neither this Final Judgment, nor the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor any actions required to be performed by this Final Judgment or the Settlement Agreement shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, except in a proceeding before this Court to consummate or to enforce the Settlement Agreement or Final Judgment, or defend against the assertion of the Released Claims, or as otherwise required by law.  The Clerk is directed to enter this Final Order and Judgment forthwith as the final judgment of the Court.

DATED:  July 12, 2010

_____
Hon. Jeffrey T. Miller
United States District Judge

5

FINAL ORDER AND JUDGMENT